**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-006**

**Filing Date:  December 1, 2008**

**Docket No. 28,212**

**JOHNATHAN BRADY PIPKIN,**

      **Worker,**

**v.**

**JERRY DANIEL, d/b/a
DANIEL A/C & HEATING,**

      **Employer-Appellee,**

**and**

**NEW MEXICO UNINSURED
EMPLOYERS' FUND,**

      **Statutory Payor-Appellant.**


**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Gregory D. Griego, Workers' Compensation Judge**


Mark L. Stout
Hobbs, NM

for Worker

Jerry Daniel
Odessa, TX

Pro Se Appellee

New Mexico Uninsured Employers' Fund
Gary K. King, Attorney General

1

Santa Fe, NM
Richard J. Crollett, Special Assistant Attorney General
Albuquerque, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}** The New Mexico Uninsured Employers' Fund (UEF) appeals from a compensation order of the New Mexico Workers' Compensation Administration (WCA) denying it an award of pre-judgment interest against an uninsured employer, Jerry Daniel (Employer). The UEF contends that the Workers' Compensation Judge (WCJ) erred in relying on NMSA 1978, Section 56-8-4(B) (2004), in denying it pre-judgment interest and that NMSA 1978, Section 52-1-9.1(G)(1) (2004), requires that such interest be awarded in this case. The UEF further argues that it is entitled to an award of pre-judgment interest at the rate of fifteen percent per annum under NMSA 1978, Section 56-8-3(B) (1983). We agree with the UEF that the WCJ erred in applying Section 56-8-4(B) to deny it a pre-judgment interest award and that Section 52-1-9.1(G)(1) entitles it to such an award. However, as to the applicable rate of pre-judgment interest, we conclude that the UEF failed to preserve the argument that it makes on appeal that Section 56-8-3(B)'s annual rate of fifteen percent applies to this case. We therefore reverse the portion of the WCA order denying the UEF pre-judgment interest and remand to the WCJ to determine the applicable rate.

**FACTS AND PROCEDURAL BACKGROUND**

**{2}** Jonathan Brady Pipkin (Worker) was an employee of Employer when he was injured in a work-related accident. It was ultimately determined that Worker was entitled to workers' compensation benefits. At the time of Worker's accident, Employer was not insured. The UEF therefore paid Worker's reasonable and necessary medical bills and compensation benefits and also incurred other costs in administering Worker's claim. *See* § 52-1-9.1(C) ("Money in the [UEF] is appropriated to the [WCA] to pay workers' compensation benefits to a person entitled to the benefits when that person's employer has failed to maintain workers' compensation coverage because of fraud, misconduct or other failure to insure or otherwise make compensation payments."). Subsequently, the UEF brought this proceeding against Employer for statutory reimbursement under Section 52-1-9.1(G)(1). After a trial, the WCJ ordered Employer to reimburse the UEF for the amounts paid by the UEF. The WCJ also ordered Employer to pay the UEF a fine as well as post-judgment interest. However, the WCJ, citing Section 56-8-4(B), rejected the UEF's request for pre-judgment interest at the rate of ten percent per annum on the ground that Employer "did not unreasonably delay" the UEF's claim. This appeal followed.

**ENTITLEMENT TO PRE-JUDGMENT INTEREST AWARD**

**{3}** We first address the UEF's argument that it is entitled to pre-judgment interest and that the WCJ did not have discretion to deny its request for such interest. In order to reach our decision, we must interpret both Section 52-1-9.1(G)(1) (requiring, as part of the Workers' Compensation Act, an uninsured employer to reimburse the UEF for "benefits paid to or on behalf of an injured employee by the [UEF] along with interest, costs and attorney fees"), and Section 56-8-4(B) (allowing awards of pre-judgment interest following the entry of civil judgments). We address such issues of statutory interpretation under de novo review. *See Cerrillos Gravel Prods., Inc. v. Bd. of County Comm'rs*, 2004-NMCA-096, ¶¶ 4, 10, 136 N.M. 247, 96 P.3d 1167 (stating that issues of statutory construction that require the harmonization of multiple statutory provisions require de novo review), *aff'd*, 2005-NMSC-023, 138 N.M. 126, 117 P.3d 932.

**{4}** In order to determine the proper application of Sections 52-1-9.1(G) and 56-8-4(B) to this case, we must carefully consider the statutory language used in them. Section 52-1-9.1(G) of the Workers' Compensation Act reads:

> For the purpose of ensuring the health, safety and welfare of the public, the director or a workers' compensation judge shall:
>
> (1) order the uninsured employer to reimburse the [UEF] for all benefits paid to or on behalf of an injured employee by the [UEF] along with interest, costs and attorney fees[.]

Section 56-8-4(B) reads:
> Unless the judgment is based on unpaid child support, the court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering, among other things:
>
> (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and
>
> (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

In interpreting the language used in these statutes, our purpose is to give effect to the intent of the Legislature. *State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022. In doing so, we must seek to read different legislative enactments harmoniously, rather than to allow them to exist in conflict with each other. *Id.* ¶ 13.

**{5}** We have little difficulty reading these two statutory provisions harmoniously with regard to the UEF's entitlement to interest. Section 56-8-4(B) is general in its application, and when read in isolation, it seemingly applies to all cases as a result of its lack of limitations. However, the Legislature specifically limited the scope of Section 56-8-4(B) in Section 56-8-4(C). Section 56-8-4(C) provides that "[n]othing contained in [Section 56-8-4]

3

shall affect the award of interest . . . as otherwise permitted by statute or common law." Section 52-1-9.1(G), as the UEF argues, must be considered such an award "otherwise permitted by statute" as contemplated in Section 56-8-4(C). Section 52-1-9.1(G) specifically applies only in workers' compensation cases involving the UEF and was plainly created to benefit the UEF. Therefore, when we read the two statutes at issue together, it becomes clear that the legislative design demonstrates that the specific provisions of Section 52-1-9.1(G) must prevail over the more general application of Section 56-8-4(B).

**{6}** Moreover, the language included in Section 52-1-9.1(G)(1) is mandatory. It requires a WCJ or the director of the WCA to order an uninsured employer (1) to reimburse the UEF for an injured worker's benefits that were paid by the UEF and (2) to pay interest. Section 52-1-9.1(G)(1) does not give a WCJ or the director of the WCA discretion to determine whether the UEF is or is not entitled to either. Additionally, and particularly pertinent in this case, Section 52-1-9.1(G)(1) does not distinguish between pre- and post-judgment interest; instead, it refers only to an entitlement to "interest." Because of its broad nature, we interpret the Legislature's creation of an entitlement to "interest" to include both pre- and post-judgment interest. *See Erica, Inc. v. N.M. Regulation & Licensing Dep't*, 2008-NMCA-065, ¶ 18, 144 N.M. 132, 184 P.3d 444 (concluding that the Legislature's inclusion of "broad and malleable language" in a statute required a broad interpretation of that language on appeal). Indeed, we believe that the legislative intent "of ensuring the health, safety and welfare of the public" is satisfied only when the UEF is made whole for the full cost of the benefits, including interest, that it advances on behalf of uninsured employers. *See* § 52-1-9.1(G). Accordingly, we conclude that the WCJ erred in failing to award pre-judgment interest to the UEF. We therefore remand to the WCJ to grant such an award in accordance with our discussion below.

## RATE OF INTEREST

**{7}** Our conclusion that the UEF was statutorily entitled to a pre-judgment interest award does not fully resolve this appeal. We must also decide the manner in which the WCJ should have made the award. The UEF argues that it "is entitled to prorated interest at fifteen percent annually" under Section 56-8-3(B). We disagree.

**{8}** Although Section 52-1-9.1(G)(1), as we conclude above, mandates an award of pre-judgment interest to the UEF, it is silent as to the applicable rate. The UEF argues that Section 56-8-3 sufficiently addresses that silence. Section 56-8-3 provides:

> The rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually in the following cases:
>
> . . . .
>
> B.      on money received to the use of another and retained

4

without the owner's consent expressed or implied[.]

On the other hand, Section 56-8-4(B) allows an award of pre-judgment interest "of up to ten percent" annually, depending on certain actions of the parties. The WCJ determined in this case, based on Section 56-8-4(B)(1), that the UEF should not be granted any interest award as a result of his conclusion that there was no proof that Employer unreasonably delayed the UEF's claim. *See id.* (permitting the court to exercise its discretion to award pre-judgment interest after considering whether "the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims"). Although we have concluded that Section 56-8-4(B) does not afford the WCJ discretion to deny the UEF a pre-judgment interest award, our conclusion does not foreclose the potential applicability of other portions of Section 56-8-4(B), such as its "up to ten percent" rate of interest, to this case. As we have discussed, Section 52-1-9.1(G) requires the WCJ to award pre-judgment interest, but it does not specify a rate.

**{9}**     Despite the statutory conflict regarding the applicable rate of pre-judgment interest, given the posture of this case, we need not decide whether the WCJ must act under Section 56-8-3(B) or 56-8-4(B). Our review of the record reveals that, in its closing argument and requested findings of fact and conclusions of law, the UEF asked only for pre-judgment interest at the annual rate of ten percent, presumably pursuant to Section 56-8-4(B). Its argument on appeal that it is entitled to an annual rate of fifteen percent under Section 56-8-3(B) is therefore not properly before this Court. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked."). Ultimately, the WCJ is required to award interest under Section 52-1-9.1(G)(1), but regardless of whether Section 56-8-3(B) or Section 56-8-4(B) is applicable in a particular case, the factors included in Section 56-8-4(B) may be valid considerations in the exercise of the WCJ's discretion in deciding the appropriate rate of pre-judgment interest.

**{10}**     Finally, for the purpose of remand, we note that the WCJ's denial of pre-judgment interest because Employer "did not unreasonably delay the [UEF's] claim" was not a proper application of the considerations included in Section 56-8-4(B). Section 56-8-4(B)(1) allows for the court's consideration of whether "the *plaintiff* was the cause of unreasonable delay in the adjudication of the *plaintiff's* claims." (Emphasis added.) The rationale for this consideration is that a plaintiff should not be able to benefit from the plaintiff's own delay or cause detriment to the defendant. The UEF was in the position of the plaintiff in this proceeding because it initiated the claim at issue against Employer. The fact that Employer, as the defendant, did not cause an unreasonable delay therefore does not bear upon its obligation to pay pre-judgment interest to the UEF under Section 52-1-9.1(G)(1).

**CONCLUSION**

**{11}**     We reverse the WCJ's denial of pre-judgment interest and remand for an award of interest not to exceed ten percent annually.

5

**{12}    IT IS SO ORDERED.**

_____

          **JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**CELIA FOY CASTILLO, Judge**



_____

**MICHAEL E. VIGIL, Judge**


**Topic Index for _Pipkin v. Daniel_, No. 28,212**

| **ST** | **Statutes** |
|--------|-------------|
| ST-IP | Interpretation |

| **RE** | **Remedies** |
|--------|-------------|
| RE-PJ | Prejudgment Interest |

| **WC** | **Workers' Compensation** |
|--------|-------------|
| WC-RM | Reimbursement |
| WC-UE | Uninsured Employer |